# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement"), is made and entered into by and among: (1) the putative class action plaintiffs identified in *Exhibit A* hereto ("Lead Plaintiffs"), each Lead Plaintiff's putative class ("Settlement Class"), by and through their counsel of record ("Lead Counsel"); and (2) American Traffic Solutions, American Traffic Solutions, Inc., ATS Consolidated, Inc. and www.violationinfo.com and their respective parents, subsidiaries, divisions, affiliates, predecessors and successors (collectively, "ATS"), by and through their counsel of record ("ATS's Counsel").  Lead Plaintiffs, for themselves and on behalf of the Settlement Class, and ATS are collectively referred to and defined as the "Settling Parties."  The Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge and settle the Litigation and all Released Claims against all Released Persons (as those terms are defined herein), including the New Jersey municipalities identified in *Exhibit B* ("Municipalities", and together with ATS, the "Defendants") upon and subject to the terms and conditions in this Agreement.

## I.    THE LITIGATION

In 2012, the Lead Plaintiffs filed the civil actions identified in *Exhibit C* hereto (collectively, "the Litigation") on behalf of putative classes of all persons who paid a fine to certain Municipalities that contracted with ATS for automated traffic violation enforcement. These violations were issued pursuant to New Jersey's Pilot Red Light Camera Program, N.J.S.A. § 39:4-8.12, *et. seq.* ("the Act" or "the Statute").  The Complaints making up the Litigation assert some or all of the following claims against ATS and the Municipalities: Unjust

Enrichment/Disgorgement, Declaratory Judgment or Declaratory Relief, 42 U.S.C. § 1983; New Jersey Civil Rights Act, N.J.S.A. § 10.6-1 *et seq.*, Constructive Trust, and Injunctive Relief.

Lead Plaintiffs allege in the Litigation that the Defendants are operating an unlawful and uncertified red light camera monitoring system at various traffic intersections in New Jersey. Lead Plaintiffs further allege that although the red light camera monitoring systems in question were authorized by the Act and approved by the New Jersey Department of Transportation ("NJDOT"), the Defendants improperly issued violation notices during a time in which the Defendants were ineligible to operate the systems due to their alleged failure to comply with statutory requirements of the Act. Specifically, Lead Plaintiffs allege the Defendants were ineligible to issue violation notices by not complying with: (1) N.J.S.A. § 39:4-8.14(a)(3)'s requirement that municipalities conduct an initial traffic study to determine speeds of vehicles approaching intersections where red light camera monitoring systems would be placed; and (2) N.J.S.A. § 39: 4-8.14(e)'s six-month inspection/certification provision for intersections where red light camera monitoring systems are operating.

Beginning in October, 2012, Lead Counsel and ATS's Counsel began having discussions about a possible settlement of the Litigation. Towards that end, Lead Plaintiffs and ATS engaged in mediation before the Honorable Joel B. Rosen, a former United States Magistrate Judge and highly-respected mediator. Ultimately, after mediation and extended post-mediation, arms-length negotiations, Lead Plaintiffs and ATS reached an agreement-in-principle to settle the Litigation. As a result, ATS has agreed to make a sum not to exceed $4,200,000.00 available for payment to Settlement Class Members with valid claims ("Settlement Fund"). The Settlement provided for in this Agreement will finally and forever terminate the Litigation and all Released Claims against ATS and the Municipalities identified in *Exhibit B*.

2

12-28-12

## II.   ATS'S DENIAL OF WRONGDOING AND LIABILITY

ATS has strenuously denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation and believes the claims asserted against it in the Litigation are without merit.  Among other things, ATS believes that: (1) the Act does not create any private right of action, nor can a private right of action be implied; (2) NJDOT's approval and oversight of the municipalities' red light camera monitoring programs bars Lead Plaintiffs' claims; (3) the voluntary payment doctrine bars Lead Plaintiffs' claims; (4) Lead Plaintiffs' claims are barred by their prior guilty pleas or convictions; (5) Lead Plaintiffs' claims are barred by the related doctrines of *in pari delicto* and unclean hands; and (6) Lead Plaintiffs' claims are barred against ATS because ATS is not a party required to act under the Act.  Through their respective pleadings, Defendants have explicitly denied liability and asserted the above listed affirmative defenses (among others) and/or have filed motions to dismiss.

Nonetheless, ATS has concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement.  ATS also has taken into account the uncertainty and risks inherent in any litigation and has, therefore, determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Agreement.  The Settlement also terminates the Lead Plaintiffs' claims against each Municipality identified in *Exhibit B* hereto.

ATS has voluntarily agreed to settle the Litigation after consultation with competent legal counsel.  This Agreement shall not be construed or deemed to be a concession by ATS of any

12-28-12

fault, liability or damage to Lead Plaintiffs, the Settlement Class, or any other person or entity, or any infirmity in any defense ATS asserted or could have asserted in the Litigation.

## III.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Counsel have conducted an extensive investigation relating to the claims alleged in the Litigation and have researched the applicable law with respect to the claims against Defendants and Defendants' defenses to those claims. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims.

However, Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs and Lead Counsel believe that the settlement set forth in the Agreement confers substantial benefits upon the Settlement Class. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the settlement set forth in this Agreement is in the best interests of Lead Plaintiffs and the Settlement Class.

Lead Plaintiffs have voluntarily agreed to settle the Litigation after consultation with competent legal counsel. This Agreement shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Litigation.

## IV.   TERMS OF AGREEMENT OF SETTLEMENT

IT IS AGREED by and among Lead Plaintiffs (for and on behalf of themselves and each of the respective Settlement Class Members) and ATS, by and through their counsel, that, subject to the approval of the Court, the Litigation and all claims and potential claims included

therein ("Released Claims" – as further defined below in ¶ 1.18) shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of the Agreement, as follows.

1.      **Definitions**

As used in this Agreement, the following terms have the meanings specified below.

1.1      "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Agreement.

1.2      "Claims Administrator" means the firm of Rust Consulting, Inc.

1.3      "Settlement Class" means all Persons who received a Notice of Violation, either as an operator or registered owner of a vehicle, issued by or on behalf of any Municipality identified in *Exhibit B* alleging a violation of the Statute that occurred on or before August 1, 2012, and who paid the fee or fine imposed thereby.  Excluded from the Settlement Class are: (a) ATS and its officers and directors; (b) any Municipality identified in *Exhibit B* and their officers, directors, elected officials, and appointed officials; and (c) any and all Persons who timely and validly request exclusion from the Settlement Class pursuant to the terms of this Agreement and the Notice, as that term is defined in ¶ 1.12 of this Agreement.

1.4      "Settlement Class Member" or "Settlement Class Members" mean any Person who falls within the definition of the Settlement Class as set forth in ¶ 1.3 of the Agreement.

1.5      "ATS" means American Traffic Solutions, American Traffic Solutions, Inc., ATS Consolidated, Inc., www.violationinfo.com, and their respective parents, subsidiaries, divisions, affiliates, predecessors, and successors.

1.6      "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Agreement have been met and have occurred.

12-28-12

1.7    "Judgment" means an order and final judgment to be entered by the Court approving the Settlement, dismissing the Litigation with prejudice, and effectuating the releases contained in this Agreement in substantially the same form as the proposed Order and Final Judgment attached to this Agreement as *Exhibit D*.

1.8    "Final" means when the last of the following with respect to the Judgment approving the Agreement, shall occur:

    (i)    the expiration of three (3) business days after the time to file a motion as to the Judgment on the claims under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey have passed without any such motion having been served;

    (ii)    the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Agreement shall be deemed to be the next business day after such thirty-third (33rd) day; and

    (iii)    if such motion is served or if an appeal is taken, three (3) business days after the determination of that motion or appeal (including any petition for writ of certiorari) in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Agreement. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issues of attorneys' fees, the class representation fee, or the reimbursement of costs. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to the application for attorneys' fees and costs or a class representation fee, shall not in any way delay or preclude the Judgment from becoming Final.

1.9    "Lead Counsel" means Shabel & DeNittis, P.C. and Paris, Ackerman & Schmierer, LLP.

1.10    "Municipality" means each New Jersey municipality described in *Exhibit B* to this Settlement Agreement, including its employees, elected and appointed officials, officers,

12-28-12

attorneys, assigns, legal representatives, insurers, reinsurers, accountants, auditors, consultants and agents.

1.11    "Lead Plaintiffs" mean the named plaintiffs in each of the civil actions identified in **Exhibit C** hereto.

1.12    "Notice" means the short form ("Postcard Notice") and long form ("Long Form Notice") Notice of Pendency and Proposed Settlement of Class Action in substantially the same forms attached to this Agreement as **Exhibits E and F**, respectively.  The Postcard Notice shall be sent via U.S. mail to all Settlement Class Members and publication of the Postcard Notice on one date in the *Star Ledger, Trentonion*, and *Courier Post* and the Long Form Notice shall be made readily available to Settlement Class Members by the Claims Administrator via a web site or by calling or writing the Claims Administrator.

1.13    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.14    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby payments from the Settlement Fund shall be made to Authorized Claimants.  Under the Plan of Allocation, an Authorized Claimant shall receive, for each notice of violation paid by that Authorized Claimant, an award equal to the Settlement Fund net of the payments identified in ¶¶ 5.2(a)-(d) divided by the total number of notices of violation issued pursuant to the Statute and paid to a Municipality before August 1, 2012.  In the event the Settlement Fund net of the payments identified in ¶¶ 5.2(a)-(d) is insufficient to satisfy all valid and approved claims of

12-28-12

Authorized Claimants, the Settlement Administrator shall adjust the award for each such claim in proportion to the funds available to pay all valid and approved claims of Authorized Claimants.

1.15    "Preliminary Approval Order" means an order, to be entered by the Court, certifying the Settlement Class solely for purposes of the Settlement, preliminarily approving the Settlement between ATS and Lead Plaintiffs, directing notice to the Settlement Class, setting a hearing on Lead Counsel's fees and costs, and setting a final hearing on settlement, in substantially the same form as the proposed order attached to this Agreement as *Exhibit G*.

1.16    "Proof of Claim" means a Proof of Claim and Release form in substantially the same form as *Exhibit H* to this Agreement.

1.17    "Related Parties" means: (i) ATS's successors, assigns, employees, officers, directors, attorneys, legal representatives, insurers, reinsurers, accountants or auditors, banks, investment banks, underwriters, consultants, and agents; (ii) any Person or entity which is or has been related to or affiliated with ATS, including, but not limited to, any direct or indirect predecessor, successor, parent, subsidiary, or sister corporation or business organization of ATS; (iii) any Person or entity in which ATS has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, accountants or auditors, banks, investment banks, underwriters, consultants, and agents of any such Person or entity; and (iv) any Municipality, as that term is defined in ¶ 1.10.

1.18    "Released Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, actions, causes of action, and liabilities of any kind or nature whatsoever (collectively, "Claims") whether in law or equity, whether based on federal, state, local, constitutional, statutory, or common law (including, but not limited to, claims

8

12-28-12

sounding in tort (including fraud or fraud in the inducement) or contract or any claims for attorneys' fees or costs) or any other law, whether accrued or unaccrued, fixed or contingent, or matured or unmatured, including both known and Unknown Claims, that have been or could have been asserted by the Lead Plaintiffs or the Settlement Class Members, or any of them, or the heirs, executors, successors, or assigns of any of them, directly, derivatively, or in any representative or other capacity, whenever arising, against ATS or any Related Party in the Litigation or any other forum; or arising out of the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved in, set forth in, or referred to in the Litigation; or that could have been asserted in the Litigation.

1.19    "Released Persons" means ATS and each and all of the Related Parties, including but not limited to the Municipalities.

1.20    "Settlement" means the settlement described in this Agreement.

1.21    "Settlement Fund" means the principal amount of $4,200.000.00 or such other amount as required by the calculations of (i) the Net Settlement Fund (as defined in ¶ 5.2); and (ii) the amount due to all Authorized Claimants under the Plan of Allocation, to be made available pursuant to ¶ 2.1 of this Agreement, plus all interest earned thereon.

1.22    "Settling Parties" means, collectively, the Lead Plaintiffs, on behalf of themselves and each of the Settlement Class Members, and ATS.

1.23    "Unknown Claims" means any and all Released Claims that any Plaintiff or Settling Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons from the Released Claims which, if known by him, her or it, might have affected his, her or its decisions with respect to the Settlement and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.

12-28-12

With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have expressly waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits, conferred by any law, rules, or regulations of any state or territory of the United States or any other country, or principle of common or civil law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, which expressly include Unknown Claims.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a key element of the Settlement of which this release is a part.

### 2.    The Settlement

#### a.    The Settlement Fund

2.1    ATS shall make available the Settlement Fund to pay valid claims of eligible class

12-28-12

members as well as the other payments identified in ¶¶ 5.2(a) through (d) of this Agreement. Upon the Court's final approval of the Settlement, ATS shall deposit portions of the Settlement Fund necessary to cover the payments outlined in ¶¶ 5.2(a) through (d) of this Agreement into an interest-bearing account, as those amounts become payable, which shall be held on behalf of Lead Plaintiffs and the Settlement Class in a separate account at a neutral, well-capitalized financial institution designated by the Claims Administrator with the approval of ATS (the "Account"). Any interest earned thereon shall be included within the Settlement Fund. ATS will transfer the balance of the Settlement Fund to the Account prior to the payment required under ¶ 5.3.

2.2     Subject to further order and/or direction as may be made by the Court, the Claims Administrator is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Agreement.

2.3     All funds held by the Claims Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

### b.     Taxes

2.5     All taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, if any, including any taxes or tax detriments that may be imposed upon the Released Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be the responsibility of and borne by the Settlement Fund, and not the Released Persons.

12-28-12

2.6    In no event shall the Released Persons have any responsibility of any kind for or liability of any kind with respect to taxes or tax expenses, if any.  The Lead Plaintiffs and Settlement Class shall indemnify and hold the Released Persons harmless for taxes and tax expenses (including, without limitation, taxes payable by reason of any such indemnification).

### c.    Termination of Settlement

2.7    In the event that this Agreement is not approved in its entirety and according to its terms, or is terminated, cancelled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) shall be refunded to ATS.

2.8    Notwithstanding any other provision in this Agreement, ATS, at its sole discretion, may elect to terminate the Agreement if 25% or more of the Settlement Class Members request to be excluded (i.e., opt out) of the Settlement pursuant to ¶ 5.4.  To terminate the Agreement under this provision, ATS must provide notice of the termination in writing to Lead Counsel within ten (10) business days of the Claims Administrator notifying ATS that 25% of the Settlement Class Members have requested to be excluded from the Settlement.

### 3.    Preliminary Approval Order, Hearing on Lead Counsel's Fees and Costs, and Settlement Hearing

3.1    As soon as practicable after execution of the Agreement, Lead Plaintiffs shall submit the Agreement together with its exhibits to the Court and shall apply for entry of the Preliminary Approval Order, requesting, among other things: (a) the preliminary approval of the Settlement set forth in the Agreement; (b) certification of the Settlement Class solely for purposes of this Settlement; and (c) approval for mailing and publication of the Postcard Notice. The Postcard Notice shall refer to the general terms of the Settlement set forth in the Agreement and the date of a hearing to approve the settlement ("Settlement Hearing"), and direct the Settlement Class Members to a web site, toll free phone number, and address for purposes of

obtaining a copy of the Long Form Notice and other information.

3.2    Lead Counsel shall request that after notice is given to the Settlement Class, the Court: (a) hold a hearing on Lead Counsel's Fee Application; (b) hold the Settlement Hearing; (c) approve the Settlement of the Litigation as set forth herein; and (d) direct the clerk to enter Final Judgment.   At the Settlement Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee Application.

3.3    In compliance with the notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, within ten (10) days after the Motion for Preliminary Approval is filed, ATS shall provide notice of this proposed Settlement to the Attorney General of the United States and the Attorney General of the State of New Jersey.

**4.    Releases and Covenant Not to Sue**

4.1    The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Litigation and any and all Released Claims against any and all Released Persons.

4.2    Upon the entry of the Judgment, the Litigation and all of its claims, counterclaims and class claims and causes of action shall be dismissed against all parties with prejudice on the merits.

4.3    Upon the Effective Date, Lead Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims against any and all of the Released Persons.   Lead Plaintiffs and the Settlement Class Members shall forever be enjoined from prosecuting any and all Released Claims against any and all of the Released Persons.   The foregoing releases and injunctions against suit shall apply fully to Lead Plaintiffs and all

13

12-28-12

Settlement Class Members, regardless of whether the Lead Plaintiffs or Settlement Class Member submits a Proof of Claim.

4.4     Upon the Effective Date, ATS, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, defense, assertion, settlement or resolution of the Litigation or the Released Claims; provided, however, that ATS shall not be deemed to have released any claims for return of attorneys' fees paid pursuant to ¶ 6.4 of the Agreement or its claims to a refund of the Settlement Fund pursuant to ¶¶ 2.7 and 2.8 of the Agreement.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee the distribution of the Settlement Fund.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay the taxes and tax expenses described in ¶ 2.5 hereof, if any;

(b)     to pay the actual and reasonable costs of class notices and the administration of the Settlement;

(c)     to pay Lead Counsel's reasonable attorneys' fees, costs and disbursements;

(d)     to pay the Lead Plaintiffs a class representation fee for the Lead Plaintiffs' individual time, effort, and risk incurred in litigating this matter;

14

(e)     to pay claims to Authorized Claimants as allowed by the Agreement and the Plan of Allocation; and

(f)     to refund the balance of the Settlement Fund remaining after the payment of the items described in ¶¶ (a), (b), (c), (d) and (e) (the "Net Settlement Fund") to ATS.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Agreement and the Plan of Allocation, the Claims Administrator may pay claims to Authorized Claimants, subject to and in accordance with the terms of this Section 5.

5.4     Any person falling within the definition of the Settlement Class may be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements referenced in the Preliminary Approval Order and is timely postmarked pursuant to the terms as referenced in the Preliminary Approval Order. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Agreement, shall not receive payment from the Settlement Fund, and shall not be bound by the Agreement or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up to and until the date for submitting a Proof of Claim as referenced in the Preliminary Approval Order and receive a payment pursuant to this Agreement provided that the Settlement Class Member also submits a valid Proof of Claim as set forth in ¶ 5.5 below. A Settlement Class Member who submits a timely and valid revocation of a Request for Exclusion, but who fails to submit a timely and valid Proof of Claim, shall nonetheless be bound by the terms of this Agreement and the Judgment.

5.5     Within ninety (90) days after such time as set by the Court to mail notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of *Exhibit H* hereto, signed under penalty of perjury and supported by such documents, if necessary, as are

15

specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

5.6    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Agreement and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Agreement, the releases contained herein, and the Judgment.

5.7    Payments made from the Settlement Fund shall be made to the Authorized Claimants substantially in accordance with the Plan of Allocation described above in ¶ 1.13 and in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after three (3) months from the date of completion of payments from the Settlement Fund to Authorized Claimants, the Claims Administrator shall return the remaining balance of the Net Settlement Fund to ATS.

5.8    No Person shall have any claim against Lead Plaintiffs, Lead Counsel, ATS, ATS's Counsel, Related Persons, the Municipalities, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Agreement and the Settlement contained herein or further order(s) of the Court.

5.9    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement Fund, the determination, administration, or calculation of claims, the payment or withholding of taxes or tax expenses, or any losses incurred in connection therewith.

**6.    Lead Counsel's Attorneys' Fees and Reimbursement of Costs**

6.1    Lead Counsel may submit an application or applications for distributions to them from the Settlement Fund for an award of reasonable attorneys' fees, costs and disbursements not

12-28-12

to exceed $800,000.00 in the aggregate (the "Lead Counsel's Compensation").

6.2     Lead Plaintiffs may submit applications for a distribution from the Settlement Funds in an amount not to exceed $1,000.00 per Lead Plaintiff to compensate Lead Plaintiffs for their individual time, effort, and risk incurred in litigating this matter (the "Lead Plaintiffs' Compensation").

6.3     Notwithstanding the existence of any timely-filed objections, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, the awards provided for in ¶¶ 6.1 and 6.2 (together, the "Compensation"), as awarded by the Court, shall be paid to Lead Counsel and Lead Plaintiffs exclusively from the Settlement Fund within ten (10) days from the date the Court enters the Judgment (as defined in ¶ 1.7) or an Alternative Judgment (as defined in ¶ 7.1(d)) and (ii) the Court executes an order making such awards.   Lead Counsel shall allocate the Lead Counsel's Compensation between them in a manner which they in good faith believe reflects the contributions of each to the prosecution and settlement of the Litigation.   Lead counsel shall deposit such Compensation into an interest-bearing trust account, with terms acceptable for ATS and Lead Counsel, until such time as Final Judgment has entered and any appeals period from the Judgment have elapsed or appeals resolved upholding the Judgment.

6.4     In the event that the Effective Date does not occur, or the Judgment, Alternative Judgment, or the order making the Compensation is reversed or modified, or the Agreement is canceled or terminated for any other reason, and in the event that the Compensation has been paid to any extent, then Lead Counsel shall within ten (10) days from receiving notice from ATS's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund or ATS the Lead Counsel's Compensation previously paid to Lead Counsel or Lead Plaintiffs from the Settlement Fund.  Each of Lead Counsel shall be jointly and severally liable for the refund of the

12-28-12

total amount of the Lead Counsel's Compensation. Each such Lead Counsel's law firms (including each of the respective firm's individual partners and shareholders), as a condition of receiving Lead Counsel's Compensation, agrees that their respective law firm and its partners and/or shareholders are subject to the jurisdiction of this Court for the purpose of enforcing the provisions of this paragraph.

6.5     The procedure for and the allowance or disallowance in any respect by the Court of any applications for the Compensation are not part of the Settlement set forth in the Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Agreement, and any order or proceeding relating to any application to the Court for the Compensation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Agreement, or affect or delay the finality of the Judgment approving the Agreement and the settlement of the Litigation set forth therein.

6.6     ATS and the Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' Compensation to Lead Counsel or award to Lead Plaintiffs over and above the aforementioned anticipated payments from the Settlement Fund.

6.7     ATS and the Related Parties shall have no responsibility for or liability with respect to the allocation among Lead Counsel, and/or any other Person who may assert some claim thereto, of any Fees and Costs Compensation that the Court may make in the Litigation, and ATS and the Related Parties take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Agreement shall be conditioned on the occurrence of all of the following events:

12-28-12

(a)     the contributions to the Settlement Fund by ATS as required by ¶ 2.1 hereof;

(b)     the entry of the Preliminary Approval Order, as required by ¶ 3.1 hereof, by the Court;

(c)     the approval of the Settlement by the Court, following notice to the Settlement Class and a hearing, as provided in Fed. R. Civ. P. Rule 23(e), and the entry of the Judgment, as defined in ¶ 1.7; *and*

(d)     the Judgment having become Final, as defined in ¶ 1.8 hereof, or, in the event that the Court enters a judgment in a form other than that provided above (the "Alternative Judgment") and which has the consent of the Settling Parties, such Alternative Judgment having become Final.

7.2     If some or all of the conditions specified in ¶ 7.1 hereof are not met, or in the event that this Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or fails to become effective in accord with its terms, then this Agreement shall be canceled and terminated subject to ¶ 7.4 hereof unless Lead Counsel and counsel for ATS mutually agree in writing to proceed with the Agreement. None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed upon herein. If any Settling Party commits a material breach of the terms of this Agreement, any other party, provided that it is in substantial compliance with the terms of this Agreement, may, at its option, seek to have the Court enforce the terms of the Agreement or terminate the Agreement on notice to all of the Settling Parties.

7.3     Unless otherwise ordered by the Court, in the event the Agreement shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for ATS or Lead Counsel to the Claims Administrator, the Settlement Fund (including accrued interest), shall be refunded by the Claims Administrator to ATS.

7.4     In the event that the Agreement is not approved by the Court or the settlement set

12-28-12

forth in the Agreement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date of this Agreement. In such event, the terms and provisions of the Agreement, with the exception of ¶¶ 2.5, 2.6, 2.7, 2.8, 6.4, 6.7, 7.2-7.4, and 8 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorneys' fees and costs awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Agreement.

### 8. No Admission of Wrongdoing

8.1 This Agreement, whether or not consummated, any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, and any negotiations, discussions or proceedings in connection with this Agreement or the Settlement:

(a) shall not be offered or received against ATS or Related Parties in any other legal action as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by ATS or the Related Parties of the truth of any fact alleged by the Lead Plaintiffs or the validity of any claim asserted in the Litigation or any other litigation, or any Released Claims, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, or of any liability, negligence, fault, or wrongdoing of ATS and Related Parties;

(b) shall not be offered or received against the Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of the Lead Plaintiffs and the Settlement Class;

(c) shall not be offered or received against ATS or Related Parties as evidence or construed or deemed to be evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Agreement, in any civil, criminal or administrative action or proceeding,

12-28-12

other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, ATS and Related Parties may refer to it to effectuate the dismissals, releases, and liability protections granted them hereunder;

(d)     shall not be offered, received, or construed against ATS or Related Parties as evidence or construed or deemed to be evidence against ATS, Lead Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be offered, received, or construed in evidence as an admission, concession, or presumption against ATS or Related Parties that class certification would be proper for any purpose other than this Settlement.

## 9.     Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Agreement.  Lead Counsel and ATS's Counsel agree to cooperate with one another in seeking Court approval of the Agreement, the Preliminary Approval Order, and the Settlement, and to promptly agree upon and execute all other such documentation as may be required to obtain final approval of the Settlement.

9.2     This Agreement and the exhibits attached hereto constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties, except the Settling Parties' Memorandum of Understanding which continues in effect according to its terms.

9.3     No modification or amendment of this Agreement shall be valid unless made in

21

12-28-12

writing and signed by or on behalf of each party hereto.  No representations, warranties or inducements have been made to any party concerning the Agreement and its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided for herein, each party shall bear his, her or its own costs.

9.4     The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a statement that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of New Jersey and Federal law. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.5     ATS and/or Related Parties may file the Agreement and/or the Judgment in any forum as may be necessary to establish principles of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, bar order, or any other theory preclusion, release, discharge, or claims bar.  ATS and/or Related Parties may also file the Agreement and/or the Judgment in any forum as may be necessary to establish that the Agreement and/or the Settlement do not operate to admit, concede, or establish any allegation made in the Litigation or any liability, wrongdoing, or fault by ATS and/or Released Party.

9.6     All agreements made and orders entered during the course of the Litigation including those relating to Settlement and/or relating to the confidentiality of data and

22

12-28-12

information provided by ATS shall survive this Agreement.

9.7    All of the exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

9.8    The Agreement may be amended or modified only by a written instrument signed by Lead Counsel and ATS's Counsel.

9.9    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Settlement Class which they deem appropriate.

9.10    Each counsel or other Person executing the Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11    The Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A signature transmitted by facsimile or in a .pdf file shall be deemed to have the same effect as an original signature.

9.12    The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, including Related Parties.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all parties hereto including Related Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement.

9.14    The waiver by one party of any breach of this Agreement by any other party shall

12-28-12

not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Agreement.

9.15    The Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the parties to the Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that state's choice-of-law principles.

9.16    ATS agrees prior to Final Approval of the Settlement by the Court to provide certified data by a corporate officer verifying all material representations upon which Plaintiffs relied in making this Settlement Agreement, including, without limitation, the total number of Violations for which the Settlement is based, and permit class Counsel to conduct confirmatory discovery in the form of depositions to confirm such representations.

IN WITNESS WHEREOF, the parties hereto have caused the Agreement to be executed, by their duly authorized attorneys, as of December 28, 2012.

12-28-12

SHABEL & DeNITTIS, P.C.

BURNS & LEVINSON LLP

Stephen P. DeNittis, Esq.
Joseph A. Osefchen, Esq.
SHABEL & DENITTIS, P.C.
Five Greentree Centre, Suite 302
525 Lincoln Drive West
Marlton, New Jersey  08053

**_Counsel for Lead Plaintiffs and
the Settlement Class_**

Benjamin C. Caldwell, Esq.
BURNS &  LEVINSON LLP
1 Citizens Plaza, Suite 1100
Providence, RI  02903
Tel: 401-831-8330
Fax: 401-831-8359

Robert D. Friedman, Esq.
(*pro hac vice* motion forthcoming)
David M. Losier, Esq.
(*pro hac vice* motion forthcoming
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA  02110
Tel:  617-345-3000
Fax:  617-345-3299

**_Counsel for Defendants American Traffic
Solutions, American Traffic Solutions, Inc.,
ATS Consolidated, Inc. and
www.violationinfo.com_**

PARIS, ACKERMAN & SCHMIERER LLP

David S. Paris, Esq.
PARIS, ACKERMAN & SCHMIERER LLP
101 Eisenhower Parkway
Roseland, New Jersey  07068

**_Counsel for Lead Plaintiffs and
the Settlement Class_**

4816-8418-7922.1

25

12-28-12

SHABEL & DeNITTIS, P.C.

Stephen P. DeNittis, Esq.
Joseph A. Osefchen, Esq.
SHABEL & DENITTIS, P.C.
Five Greentree Centre, Suite 302
525 Lincoln Drive West
Marlton, New Jersey 08053

*Counsel for Lead Plaintiffs and
the Settlement Class*

BURNS & LEVINSON LLP

Benjamin C. Caldwell, Esq.
BURNS & LEVINSON LLP
1 Citizens Plaza, Suite 1100
Providence, RI 02903
Tel: 401-831-8330
Fax: 401-831-8359

Robert D. Friedman, Esq.
(*pro hac vice* motion forthcoming)
David M. Losier, Esq.
(*pro hac vice* motion forthcoming
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: 617-345-3000
Fax: 617-345-3299

*Counsel for Defendants American Traffic
Solutions, American Traffic Solutions, Inc.,
ATS Consolidated, Inc. and
www.violationinfo.com*

PARIS, ACKERMAN & SCHMIERER LLP

David S. Paris, Esq.
PARIS, ACKERMAN & SCHMIERER LLP
101 Eisenhower Parkway
Roseland, New Jersey 07068

*Counsel for Lead Plaintiffs and
the Settlement Class*

4816-8418-7922.1

25

12-28-12

**EXHIBIT A**

**LIST OF LEAD PLAINTIFFS**

1.    ROBERT CONROW

2.    SANDRA DAROCHA

3.    WILLIAM FITTING

4.    OZTURK HUSSEYIN

5.    MARYANN KING

6.    EDWARD McCARTHY

7.    PATRICIA McNALLY

8.    RICHARD PINTO, TISA L. HAUSELT AND MICHAEL MALUCHNIK

9.    RICHARD PINTO

10.   ALICE STOCKTON-ROSSINI

11.   JOHN TELLIHO

12.   CLAUDE TOWNSEND

13.   JOYCE O'BRIEN AND SHERRI  DIANA

14.   MICHAEL MYERS

15.   MELISSA BECKER

16.   JOSEPH BARAN

17.   JULIE WILLIAMS

18.   STEVEN SBARAGLIO

4827-3689-1154.1

12-28-12

**EXHIBIT B**

**MUNICIPALITIES THAT AMERICAN TRAFFIC SOLUTIONS, INC.
HAS AGREEMENTS WITH**

1.   BRICK TOWNSHIP

2.   DEPTFORD TOWNSHIP

3.   EAST BRUNSWICK TOWNSHIP

4.   EAST WINDSOR TOWNSHIP

5.   JERSEY CITY

6.   LAWRENCE TOWNSHIP

7.   CITY OF LINDEN

8.   BOROUGH OF GLASSBORO

9.   GLOUCESTER TOWNSHIP

10.   MONROE TOWNSHIP

11.   BOROUGH OF PALISADES PARK

12.   PISCATAWAY TOWNSHIP

13.   POHATCONG TOWNSHIP

14.   RAHWAY

15.   BOROUGH OF ROSELLE PARK

16.   UNION TOWNSHIP

17.   WAYNE TOWNSHIP

18.   WOODBRIDGE TOWNSHIP

4839-6601-8322.1

## EXHIBIT C

| | CASE NAME | DOCKET NUMBER | COURT |
|---|---|---|---|
| 1. | Robert Conrow v. American Traffic Solutions and Monroe Township | 3:12-cv-05005-PGS-LHG | New Jersey USDC |
| 2. | Sandra Darocha v. American Traffic Solutions, Inc., City of Linden, www.violationinfo.com, and Unidentified Entities A through Z | 3:12-cv-05235-PGS-LHG | New Jersey USDC |
| 3. | William Fitting v. American Traffic Solutions and Borough of Glassboro | 3:12-cv-05007-PGS-LHG | New Jersey USDC |
| 4. | Ozturk Husseyin v. American Traffic Solutions, Inc., ATS Consolidated, Inc. and Borough of Palisades Park | 3:12-cv-07396-PGS-LHG | New Jersey USDC |
| 5. | Maryann King v. American Traffic Solutions, Inc., Union Township, www.violationinfo.com, and Unidentified Entities A through Z | UNN-L-2869-12 | Union Superior Court (NJ) |
| 6. | Edward McCarthy v. American Traffic Solutions, Inc., Monroe Township, www.violationinfo.com, and Unidentified Entities A through Z | GLO-L-1222-12 | Gloucester Superior Court (NJ) |
| 7. | Patricia McNally v. American Traffic Solutions, Inc., Township of Pohatcong, www.violationinfo.com, and Unidentified Entities A through Z | WAR-L-000305-12 | Warren Superior Court (NJ) |
| 8. | Richard Pinto, Tisa L. Hauselt and Michael Maluchnik v. American Traffic Solutions and City of Linden | 3:12-cv-05463-PGS-LHG | New Jersey USDC |
| 9. | Richard Pinto v. American Traffic Solutions and Borough of Roselle Park | 3:12-cv-06436-PGS-LHG | New Jersey USDC |
| 10. | Alice Stockton-Rossini v. American Traffic Solutions, Inc., Borough of Palisades Park, www.violationinfo.com, and Unidentified Entities A through Z | BER-L-7359-12 | Bergen Superior Court (NJ) |
| 11. | John Telliho v. American Traffic Solutions and East Windsor Township | 3:12-cv-04800-PGS-LHG | New Jersey USDC |
| 12. | Claude Townsend v. American Traffic Solutions and Woodbridge Township | 3:12-cv-04995-PGS-LHG | New Jersey USDC |
| 13. | Joyce O'Brien and Sherri Diana v. American | 3:12-cv-05096-PGS-LHG | New Jersey USDC |

| | Traffic Solutions and Brick Township | | |
|---|---|---|---|
| 14. | Michael Myers v. American Traffic Solutions, Inc., Borough of Glassboro, www.violationinfo.com, and Unidentified Entities A through Z | GLO-L-1243-12 | Gloucester Superior Court (NJ) |
| 15. | Melissa Becker v. American Traffic Solutions, Inc., ATS Consolidated, Inc. and Township of Pohatcong | 3:12-cv-04278-PGS-LHG | New Jersey USDC |
| 16. | Joseph Baran v. American Traffic Solutions, Inc., ATS Consolidated, Inc. and City of Rahway | 3:12-cv-06046-PGS-LHG | New Jersey USDC |

4825-6748-0594.1

-2-

**EXHIBIT D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN TELLIHO, on behalf of himself, and all others similarly situated<br>Plaintiff,<br><br>v.<br><br>EAST WINDSOR TOWNSHIP and AMERICAN TRAFFIC SOLUTIONS,<br>Defendants. | ) Case No.: 3:12-cv-4800<br>)<br>)<br>)<br>)<br>)<br>)<br>) **ORDER AND FINAL JUDGMENT**<br>) **CERTIFYING SETTLEMENT CLASS**<br>) **APPROVING SETTLEMENT**<br>) **AGREEMENT AND AWARDING**<br>) **CLASS COUNSEL FEES AND COSTS** |

THIS MATTER having been opened to the Court by Shabel & DeNittis, P.C. and Paris Ackerman & Schmierer, LLP (together, "Lead Counsel" or "Class Counsel") as counsel for the putative class action plaintiffs ("Lead Plaintiffs" or "Class Representatives"), by way of Motion for Final Approval of the proposed Settlement Agreement ("Settlement Agreement" or "Agreement"); and,

WHEREAS, American Traffic Solutions, American Traffic Solutions, Inc., ATS Consolidated, Inc., and www.violationinfo.com (together, "ATS"), through its counsel Burns & Levinson LLP ("ATS's Counsel"), joins in with Lead Plaintiffs' Motion; and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS, the Court finds that the Settlement Agreement was entered into at arms length by experienced counsel and only after extensive negotiations and the Settlement Agreement is not the result of collusion; and

**EXHIBIT D**

WHEREAS, the Court granted Lead Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement on _____, 2012, and conditionally certified the Settlement Class solely for purposes of settlement; and

WHEREAS, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, a class list was compiled from a review of record of Defendants. Following that review, a total of _____ Settlement Class Members were identified. Settlement Class Members were thereafter provided with notice and an opportunity to object to the Settlement or opt-out of the Settlement Class; and

WHEREAS, the Court conducted a fairness hearing on _____; and

WHEREAS, the Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel of the moving parties, and the requirements of law and good cause appearing,

IT IS THIS _____ day of _____, 2013,

ORDERED that the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1.      **Definitions**. Unless otherwise provided herein, the Court adopts and incorporates the definitions to all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2.      **Approval of Settlement Agreement**. The Court finds, upon review of the Settlement Agreement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed reimbursement program available from the Settlement are fair, reasonable and adequate. Accordingly the terms of the Settlement, including all exhibits thereto, are approved in their entirety by the Court and

2

**EXHIBIT D**

incorporated into this Order as if expressly set forth and shall have the same force and effect of an Order of the Court. The parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions. The releases set forth in the Settlement Agreement are incorporated by reference.

      3.    **Approval of Settlement Class**. This Court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> **All persons who paid a fine to Defendants for a violation of <u>N.J.S.A.</u> § 39:4-81, Failure to Observe Signal, where the violation notice was issued before August 1, 2012, and was based on the red light camera monitoring systems maintained and operated by a New Jersey municipality that had contracted with ATS.**

Excluded from the Settlement Class are (a) the Municipalities and ATS and their officers, directors, elected officials and appointed officials and (b) any and all Settlement Class Members who timely and validly requested exclusion from the Settlement Class. The Court finds that the Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just reasonable, and adequate. Specifically, the Court finds and concludes:

      a.    The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

      b.    There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2);

      c.    The claims of the Lead Plaintiffs are typical of the claims of the Settlement Class, satisfying the requirements of Rule 23(a)(3);

d.  The Lead Plaintiffs will fairly and adequately protect the interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4);

e.  Questions of law or fact common to the members of the Settlement Class predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3); and

f.  The action is manageable as a class action.

4.      **Approval of Plan of Allocation.**  The Plan of Allocation described in the Stipulation and Long Form Notice is approved as fair, reasonable, and adequate to the Settlement Class Members and the Claims Administrator is directed to administer the Settlement accordingly.

5.      **Adequacy of Notices**.  The Court finds that due and adequate Notices were provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, *inter alia*, the pendency of this action and the proposed Settlement.  The Notices provided were the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Class who could be identified through reasonable effort.  The Notices provide fully complied in all respects with the requirements of Rule 23.

6.      **Opt-Out Settlement Class Members**.  Attached hereto and incorporated herein as Appendix A is a schedule of all Settlement Class Members who have timely and validly requested to be excluded from the Settlement Class and accordingly are not included in or bound

4

**EXHIBIT D**

by the this Final Judgment and Order.  The Settlement Class Members who have opted-out are

not entitled to receive any reimbursement as described in the Agreement, Long Form Notice,

Postcard Notice or Claim Form.

7.    **Approval of Class Representatives**.  Based upon the Court's familiarity with the

claims and parties, the Court finds that the Lead Plaintiffs adequately represent the interests of

the Settlement Class and hereby appoint the Lead Plaintiffs as Class Representatives.

8.    **Approval of Class Counsel**.  The Court preliminarily finds that Lead Counsel –

namely, Shabel & DeNittis, P.C. and Paris Ackerman & Schmierer, LLP – fairly and adequately

represent the interests of Lead Plaintiffs and the Settlement Class and hereby confirms them as

Class Counsel pursuant to Fed. R. Civ. P. 23(g).

9.    **Binding**.  The terms of this Final Approval Order and Judgment and the

Settlement are binding on the Lead Plaintiffs/Class Representatives and all members of the Class

who have not timely and validly opted-out and shall have *res judicata*, collateral estoppel, and all

other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law

or equity, or any allegations of liability, damages, debts, contracts, agreements obligations,

promises, attorneys' fees, costs, interests, or expenses that were asserted through this action.

10.    **Dismissal With Prejudice of Complaint**.  The Amended Complaint in this

action is dismissed with prejudice, and the claims against Defendants are released.

11.    **Dismissal of Released Claims**.  All Released Claims (as defined in the

Settlement Agreement) of Lead Plaintiffs and the Settlement Class that were asserted against

ATS and Released Persons, including but not limited to the co-Defendant Municipalities, in this

**EXHIBIT D**

action are dismissed with prejudice.  Furthermore, Lead Plaintiffs and the Settlement Class are

barred and permanently enjoined from instituting or prosecuting any Released Claims against

ATS and Released Persons, including but not limited to the co-Defendant Municipalities.

12.     **Disbursement of Claims**.  The Claims Administrator shall distribute the proceeds

of the Settlement Fund, in accordance with the terms of the Agreement, to each Settlement Class

Member who timely submitted a properly executed Claim Form.

13.     **Class Counsel's Award**.  Class Counsel is hereby awarded reasonable fees in the

amount of $_____ and costs in the amount of $_____.  These amounts

shall be paid and distributed in accordance with the Settlement Agreement.

14.     **Class Representatives' Award**.  Each Class Representative is hereby awarded a

class representation fee in the amount of $_____.  This fee shall be paid and

distributed in accordance with the Settlement Agreement.

15.     **Ongoing Jurisdiction**.  Without affecting the finality of this Final Approval

Order and Judgment, the Court shall retain continuing jurisdictions over this action, the parties

and the Settlement Class, for the purposes of, *inter alia*, implementing and enforcing each

Settlement Agreement (including any issue that may arise in connection with the formation

and/or administration of the Settlement Fund) and entering orders regarding the disbursement of

the Settlement Amount to the Settlement Class, Class Counsel and the Class Representatives.

16.     **No Admission**.  Neither this Order nor the Settlement Agreement nor any other

settlement-related document nor anything contained herein or therein or contemplated herby or

thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement

**EXHIBIT D**

Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence, of or an admission or concession by the Settling Parties as to, the validity of any claim that has been or could have been asserted against any or all of them or as to any liability any or all of them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated:_____                                _____

                                                     Hon. Peter G. Sheridan, U.S.D.J.

4853-1199-6434.1

**EXHIBIT E**

Telliho, et. al. v. American Traffic Solutions, Inc., et. al.
Class Action Settlement
[Insert Claims Administrator's Address Here]

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT

THE BACK OF THIS CARD PROVIDES A
WEBSITE, TELEPHONE NUMBER, AND
ADDRESS WHERE YOU CAN OBTAIN
INFORMATION IN ORDER TO SUBMIT A
CLAIM FORM.

THIS NOTICE ADVISES YOU OF A
PROPOSED CLASS ACTION SETTLEMENT
CONCERNING NEW JERSEY RED LIGHT
CAMERA MONITORING SYSTEMS
INSTALLED PURSUANT TO
N.J.S.A. § 39:4-8.12 et. seq.

THIS NOTICE MAY AFFECT YOUR
LEGAL RIGHTS.
PLEASE READ IT CAREFULLY.

---

*Telliho, et. al. v. American Traffic Solutions, Inc., et. al.*
U.S. District Court, District of New Jersey, Case No. 12-cv-4800-PGS-LHG

**THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THIS SETTLEMENT**

Your rights may be affected by a proposed class action Settlement of claims against American Traffic Solutions, Inc., ATS Consolidated, Inc., American Traffic Solutions and www.violationinfo.com (collectively, "ATS") and various New Jersey municipalities that contracted with ATS to install and operate red light camera monitoring systems at designated intersections ("Municipalities" and together with ATS, "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege various claims against the Defendants arising out of the implementation and operation of the red light camera monitoring system. These red light camera monitoring systems were authorized pursuant to N.J.S.A. § 39:4-8.12 et. seq. (the "Act"). Specifically, Plaintiffs allege that Defendants were statutorily non-compliant as to specific requirements contained within the Act. Plaintiffs brought suit on their own behalf and **on behalf of all people who received a Notice of Violation issued by or on behalf of the Municipalities who contracted with ATS pursuant to the Act alleging a traffic violation on or before August 1, 2012, and who paid a fee or fine imposed thereby.** Defendants deny the allegations. You received this Notice because the Defendants' records indicate that you received a Notice of Violation alleging a violation of the Act on or before August 1, 2012, and that the Notice of Violation has been paid.

The Settlement provides for eligible Settlement Class Members to receive a one-time payment per Settlement Class Member of up to $XXXXXX. To receive a payment, you must timely complete and submit a Proof of Claim postmarked no later than _____, 2012. You may obtain complete information about the Settlement (including the Long Form Notice and a Proof of Claim) and deadlines by visiting the Settlement Website at www. _____, telephoning _____, or writing the New Jersey Red Light Monitoring Camera Litigation Claims Administrator at _____.

If you do not wish to be a part of this Settlement, you may exclude yourself. If you do not exclude yourself, you will be bound by the Settlement and all Orders of the court. As a result, you will no longer be able to sue or continue to sue the Defendants about the claims in the Settlement. To request exclusion, you must mail your request in writing, postmarked no later than _____, 2012, to the New Jersey Red Light Monitoring Camera Litigation Claims Administrator at _____. The Court, located at 402 East State Street, Trenton, NJ 08608, will conduct a hearing on whether to approve the Settlement on _____, 2012, and if so, determine what amount of fees and expenses should be awarded to class counsel and the class representatives. If you wish, you or your own lawyer may ask to appear and speak at the hearing at your own cost. You may object to the Settlement in advance of that hearing by following the procedure set forth in the Long Form Notice. Your objection must be received by _____.

**EXHIBIT F**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN TELLIHO,<br>on behalf of himself, and all others<br>similarly situated<br>Plaintiff,<br><br>v.<br><br>EAST WINDSOR TOWNSHIP and<br>AMERICAN TRAFFIC SOLUTIONS,<br>Defendants. | ) Case No.: 3:12-cv-4800<br>)<br>)<br>)<br>)<br>)<br>)<br>) **NOTICE OF PENDENCY OF CLASS**<br>) **ACTION PROPOSED SETTLEMENT**<br>) **AND HEARING DATE FOR COURT**<br>) **APPROVAL**<br>) |

**ATTENTION:   ALL PERSONS WHO RECEIVED A NOTICE OF VIOLATION ("NOTICE OF VIOLATION") ISSUED BY OR ON BEHALF OF A NEW JERSEY MUNICIPALITY THAT CONTRACTED WITH ATS (AS DEFINED BELOW), PURSUANT TO N.J.S.A. § 39:4-8.12, et. seq. (THE "ACT"), ALLEGING A TRAFFIC VIOLATION THAT OCCURRED ON OR BEFORE AUGUST 1, 2012, AND WHO PAID THE FEE OR FINE IMPOSED THEREBY.**

This notice informs you of a proposed settlement ("Settlement") of class action claims against American Traffic Solutions, Inc., ATS Consolidated, Inc., American Traffic Solutions and www.violationinfo.com (collectively, "ATS") and **eighteen (18)** New Jersey municipalities that contracted with ATS to install and operate red light camera monitoring systems at designated intersections, namely, (1) Brick Township, (2) Deptford Township, (3) East Brunswick Township, (4) East Windsor Township, (5) City of Jersey City, (6) Lawrence Township, (7) City of Linden, (8) Borough of Glassboro, (9) Gloucester Township, (10) Monroe Township, (11) Borough of Palisades Park, (12) Piscataway Township, (13) Pohatcong Township, (14) City of Rahway, (15) Borough of Roselle Park, (16) Union Township, (17) Wayne Township and (18) Woodbridge Township (collectively, "Municipalities" and together with ATS, "Defendants").  ATS has agreed, under the terms of the Settlement, to provide you with an opportunity to submit a valid and timely Proof of Claim through which you may be eligible to receive monetary compensation as further discussed below.

**EXHIBIT F**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Proof of Claim** | If you are an eligible Settlement Class Member and you wish to receive a one-time payment of up to $ _____ for each Notice of Violation you received and paid, you need to complete and submit a Proof of Claim in a timely manner.  The Proof of Claim is necessary to ensure that only eligible Settlement Class Members receive a monetary benefit.  A Proof of Claim form is available at the Settlement Web site at [ _____ ] or by calling the Claims Administrator toll free at _____ or by writing the Claims Administrator at _____. |
| **Do Nothing** | By doing nothing, you forfeit the opportunity to receive any monetary compensation and you give up any rights to sue Defendants, and certain parties related to them, separately about the claims that have been or could have been asserted in this lawsuit. |
| **Ask to be Excluded** | By asking to be excluded, you will not share in this Settlement.  This is the only option that allows you to keep any rights to sue Defendants about the same legal claims in this lawsuit. |
| **Object** | You may write to the Court about why you do not like the Settlement. |
| **Go To A Hearing** | You may ask to speak in Court about the fairness of the Settlement. |

Your rights and options – and the deadlines to exercise them – are explained in detail below.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

Questions?  Visit [website] or call toll free [phone number]

**EXHIBIT F**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**..........................................................................PAGE 4
    1.    Why did I receive notice of this lawsuit?
    2.    What is this lawsuit about?
    3.    Why is this lawsuit a class action and who is involved?
    4.    Why is there a settlement?

**WHO IS COVERED BY THE SETTLEMENT** ........................................PAGE 5
    5.    Am I a Settlement Class Member?

**THE SETTLEMENT BENEFITS-WHAT YOU GET** ...........................PAGE 5
    6.    What does the Settlement provide?
    7.    What can I get from the Settlement?

**HOW YOU GET COVERAGE - SUBMITTING A CLAIM** ...................PAGE 6
    8.    How can I make a claim?
    9.    When would I get my payment?
    10.    What am I giving up to get a payment or stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................PAGE 8
    11.    How do I get out of the Settlement?
    12.    If I do not exclude myself, can I sue Defendants for the same thing later?

**THE LAWYERS REPRESENTING YOU** .............................................PAGE 8
    13.    Do I have a lawyer in the case?
    14.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ................................................PAGE 9
    15.    How do I tell the Court that I do not like the Settlement?
    16.    What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ................................................PAGE 9
    17.    When and where will the Court decide whether to approve the Settlement?
    18.    Do I have to come to the hearing?
    19.    May I speak at the hearing?

**IF YOU DO NOTHING** ....................................................................PAGE 10
    20.    What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..................................................PAGE 10
    21.    Are there more details available?

Questions?  Visit [website] or call toll free [phone number]

**EXHIBIT F**

# BASIC INFORMATION

**1. Why did I receive notice of this lawsuit?**

This lawsuit involves the Municipality's enforcement of red light violations through the use of unmanned red light monitoring cameras. The Defendants issued Notices of Violations imposing civil fees or fines for red light violations detected in this manner. **The records of Defendants indicate that you received a Notice of Violation issued by or on behalf of the Municipalities pursuant to the Act alleging a traffic violation that occurred on or before August 1, 2012, and paid the fee or fine imposed thereby.**

You previously received a postcard notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court, District of New Jersey (Trenton Vicinage), and the case is pending in front of the Honorable Peter G. Sheridan, United States District Judge. The lawsuit is known as *John Telliho, et. al. v. American Traffic Solutions, Inc., et. al.*, Case No.: 12-cv-4800-PGS-LHG. The persons who sued are called Plaintiffs, and the parties sued are called the Defendants.

**2. What is this lawsuit about?**

On January 13, 2008, the New Jersey Assembly Bill 4314 was signed into law as <u>N.J.S.A.</u> 39:4-8.12, <u>et.</u> <u>seq.</u> (the "Act"). The Act established a five-year pilot program authorizing the installation and utilization of red light camera monitoring systems in New Jersey, and setting minimum statutory requirements for the operation of such systems. The Act authorized certain municipalities to erect red light camera monitoring systems and issue Notices of Violation to vehicles who violated a red light. Specifically, the Act provided that red light violations could be detected by unmanned cameras, and that Notices of Violation imposing fees or fines would be issued to the registered owner of the vehicle so detected.

This lawsuit alleges that the Defendants were statutorily non-complaint as to specific requirements contained within the Act, namely the requirements contained within <u>N.J.S.A.</u> 39:4-8.14(a)(3) and 39:4-8.14(e). Defendants deny these allegations.

**3. Why is this lawsuit a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" or "Lead Plaintiffs" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members" (in this case the Settlement Class). The persons who sued—and all of the Settlement Class Members like them—are called the Plaintiffs. The individual, government entity and/or company they sued (in this case the Municipalities and ATS) is/are called the Defendant(s). One

Questions? Visit ==[website]== or call toll free ==[phone number]==

- 4 -

**EXHIBIT F**

Court resolves the issues for everyone in the Settlement Class—except for those people who choose to exclude themselves from the Settlement Class. Judge Sheridan is in charge of this case and certified the lawsuit as a class action for settlement purposes only.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiffs, ATS or the Municipalities. Instead, Lead Plaintiff and ATS agreed to enter into the Settlement after an extensive exchange of information and vigorous arms-length negotiation. That way, they avoid litigation costs, and the people affected will get compensation. The Lead Plaintiff, and counsel for the Lead Plaintiff and the Settlement Class Members ("Lead Counsel") think the Settlement is best for the Settlement Class Members.

## WHO IS COVERED BY THE SETTLEMENT?

**5. Am I a Settlement Class Member?**

Your receipt of the postcard notice indicates that you have been identified as a potential Settlement Class Member because, according to Defendants' records, you received a Notice of Violation issued by or on behalf of one of the Municipalities pursuant to the Act alleging a traffic violation that occurred on or before August 1, 2012, and paid the fee or fine imposed thereby

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**6. What does the Settlement provide?**

If approved by the Court, the Settlement will result in dismissal of this case and final resolution of all claims raised against Defendants. Such dismissal will release Defendants from liability for the claims in this lawsuit. The terms of the Settlement are described in full in a document known as the Stipulation and Agreement of Settlement ("Settlement Agreement"). The Settlement Agreement is available for your inspection at the U.S. District Court, District of New Jersey's Online Case Management/Electronic Case Filing (CM/ECF) System which can be found at https://ecf.njd.us.courts.gov. The capitalized terms as used in this notice have the same meaning as the terms set forth in the Settlement Agreement.

**7. What can I get from the Settlement?**

Under the Settlement, ATS is making a Settlement Fund of up to $4,200,000.00 available to pay the claims of eligible Settlement Class Members and certain other fees and expenses. The Settlement Fund will be applied first to any applicable taxes and to pay any Compensation to Lead Counsel and the Lead Plaintiffs, as described in the Settlement Agreement. After those payments, the Settlement Fund will be applied to valid and timely claims submitted by Settlement Class Members. It is anticipated that the Settlement Fund will enable a payment of up to $_____ for each Notice of Violation received and paid by a Settlement Class Member. *Please note that if you have previously received a refund from one of the Municipalities for a Notice of Violation, you are NOT entitled to a payment from the Settlement Fund for that Notice of Violation.* In the event that the Settlement Fund, net of the payments described herein, is not sufficient to enable a payment of

Questions? Visit [website] or call toll free [phone number]

**EXHIBIT F**

$_____ for each claim, the per-claim payment will be decreased in proportion to the total number of claims made.  If you are an eligible Settlement Class Member and wish to receive this benefit, you must timely submit a Proof of Claim to the Claims Administrator as described below.

## HOW YOU GET COVERAGE - SUBMITTING A CLAIM

### 8.  How can I make a claim?

If you are an eligible Settlement Class Member and you wish to receive a one-time payment of up to $_____ for each Notice of Violation that you received and paid, you need to complete and submit a Proof of Claim in a timely manner.  This form is necessary to ensure that only eligible Settlement Class Members receive a monetary benefit.  The Proof of Claim is available at the Settlement Website at www._____.com or by calling the Claims Administrator toll free at _____  or  by  writing  the  Claims  Administrator  at _____.

The fully completed Proof of Claim must be submitted to the Claims Administrator either by: (a) mailing  it  to   New  Jersey  Red  Light  Camera  Monitoring  Litigation  Settlement  at _____; or (b) submitting it online at the Settlement Website at www._____.com.  The deadline for submission of the Proof of Claim is Month 00, 2013.  Accordingly, to be valid, any Proofs of Claim which are mailed must be postmarked or submitted online no later than Month 00, 2013, and accurately addressed to the Claims Administrator.  You may attend the court hearing described below if you wish, but your attendance or non-attendance will not affect your eligibility to submit the Proof of Claim.  You do not need to appear in court, and you do not need to hire an attorney in this case.

### 9.  When would I get my payment?

The Court will hold a hearing on Month 00, 2013, to decide whether to approve the Settlement.  If Judge Sheridan approves the Settlement, and after that, no appeal is taken, then you will be receiving your payment promptly.  If an appeal is taken, then resolving it may take some time, perhaps up to, or more than, a year.  Please be patient.

### 10.  What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, regardless of whether you elect to receive payment, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants regarding the legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  In addition, as a result, as further detailed in the Settlement Agreement, Settlement Class Members who have not timely requested exclusion from this Settlement Class shall be deemed to have, and by operation of the Final Order shall have fully, finally and forever released, relinquished, and discharged all Released Claims, including Unknown Claims, against certain Released Persons.

The Settlement Agreement defines "Released Claims" – that is, the claims that you will give up against Defendants – as any and all claims, rights, demands, obligations, controversies, debts,

Questions?  Visit [website] or call toll free [phone number]

**EXHIBIT F**

damages, losses, actions, causes of action, and liabilities of any kind or nature whatsoever (collectively, "Claims") whether in law or equity, whether based on federal, state, local, constitutional, statutory, or common law (including, but not limited to, claims sounding in tort (including fraud or fraud in the inducement) or contract or any claims for attorneys' fees or costs) or any other law, whether accrued or unaccrued, fixed or contingent, or matured or unmatured, including both known and Unknown Claims, that have been or could have been asserted by the Lead Plaintiff or the Settlement Class Members, or any of them, or the heirs, executors, successors, or assigns of any of them, directly, derivatively, or in any representative or other capacity, and any claim arising out of the matters alleged in the Litigation, whenever arising, against ATS or any Related Party in the Litigation or any other forum; or arising out of the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved in, set forth in, or referred to in the Litigation; or that could have been asserted in the Litigation.

"Unknown Claims," which are among the Claims you will release, are defined as any and all Released Claims that any Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons from the Released Claims which, if known by him, her or it, might have affected his, her or its decisions with respect to the Settlement and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, each of the Settlement Class Members shall be deemed to have expressly waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits, conferred by any law, rules, or regulations of any state or territory of the United States or any other country, or principle of common or civil law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, which expressly include Unknown Claims. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a key element of the Settlement of which this release is a part.

The Released Persons – that is, those individuals and entities who you will not be able to sue on any Released Claim – are what the Settlement Agreement defines as ATS and each and all of the Related Parties, including but not limited to the Municipalities. The Settling Defendants are the four defendants referred to as ATS. The Related Parties means (i) ATS's successors, assigns, employees, officers, directors, attorneys, legal representatives, insurers, reinsurers, accountants or auditors, banks, investment banks, underwriters, consultants, and agents, (ii) any Person or entity which is or has been related to or affiliated with ATS, including, but not limited to, any direct or indirect

Questions?  Visit [website] or call toll free [phone number]

**EXHIBIT F**

predecessor, successor, parent, subsidiary, or sister corporation or business organization of ATS, and (iii) any Person or entity in which ATS has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, accountants or auditors, banks, investment banks, underwriters, consultants, and agents of any such Person or entity, and (v) any of the Municipalities (as that term is defined in the Settlement Agreement).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the New Jersey Red Light Camera Monitoring Litigation Settlement. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request letter postmarked by Month 00, 2013, to New Jersey Red Light Camera Monitoring Litigation Settlement- Exclusions, at _____.

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

### 12. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that the Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month 00, 2013. Any exclusion request postmarked after that date will not be valid, and the sender will be a Settlement Class Member and bound by the Settlement and Release.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court decided that the law firms of Shabel & DeNittis, P.C. of Marlton, New Jersey and Paris, Ackerman & Schmierer LLP of Roseland, New Jersey, are qualified to represent you and all Settlement Class Members. Together the law firms are called "Lead Counsel." They are experienced in handling similar cases. More information can be obtained about these law firms, their practices, and their lawyers' experience by contacting the following Lead Counsel:

Questions? Visit [website] or call toll free [phone number]

**EXHIBIT F**

Stephen P. DeNittis, Esq.
SHABEL & DENITTIS P.C.
5 Greentree Centre, Suite 302
Marlton, NJ 08053
(856) 797-9951
Email: sdenittis@shabeldenittis.com
Website: www.shabeldenittis.com

**14. How will the lawyers be paid?**

Lead Counsel has pursued this lawsuit on a contingent basis and has paid all costs of the lawsuit. These attorneys have not yet been paid or recovered any of their costs associated with the lawsuit. As part of the Settlement, Lead Counsel will request that a payment for their reasonable attorneys' fees, costs and disbursements. Lead Counsel's petition for fees and costs will be filed with the Court no later than _____, and may be reviewed by any interested party. The Court will make a determination of final reasonable fees and costs at the Fairness Hearing based on Lead Counsel's Application and responses thereto, if any. Any money paid to Lead Counsel will be paid out of the Settlement Fund created by ATS.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**15. How do I tell the Court that I do not like the Settlement?**

You can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must have served on the following counsel, such that they are received by such counsel on or before thirty (30) calendar days before the Settlement Hearing: (a) a written notice of objection, including a written notice of your intention to appear if you intend to do so; (b) a written statement of the position you will assert; (c) the reasons for your position and (d) copies of any papers, briefs or other matter you wish the Court to consider:

Stephen P. DeNittis, Esq.
SHABEL & DENITTIS P.C.
5 Greentree Centre, Suite 302
Marlton, NJ 08053
(856) 797-9951

**Counsel for Plaintiff**

and

Questions?  Visit [website] or call toll free [phone number]

- 9 -

**EXHIBIT F**

Benjamin C. Caldwell, Esq.
BURNS & LEVINSON, LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330

**Counsel for ATS Defendants**

You must also file said objection, papers and briefs, and proof of service and on the above-listed counsel, with the United States District Court, District of New Jersey, 402 East State Street, Trenton, NJ 08608, on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection (including any right of appeal) and shall forever be foreclosed from making any such objection, including any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, unless otherwise ordered by the Court.

**16. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on **Month 00, 2013**, at **TIME**, at the Clarkson F. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Sheridan will listen to people who have asked to speak at the hearing. At or after the hearing, the Court will also decide whether to approve the Settlement and how much to pay Lead Counsel. We do not know how long these decisions will take.

**18. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions Judge Sheridan may have. But, you are welcome to come at your own expense. If you send an objection, you may come in person to the Court for the Fairness Hearing, retain your own attorney to appear for you at the Fairness Hearing, or not come at all, and the Court will consider your objection.

**19. May I speak at the hearing?**

Questions? Visit [website] or call toll free [phone number]

**EXHIBIT F**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Telliho, et. al. v. American Traffic Solutions, Inc. et. al..*"  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than Month 00, 2013, and be sent to New Jersey Red Light Camera Litigation Settlement at _____ and to the Court at the Clarkson F. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  You cannot speak at the hearing if you excluded yourself from the Settlement Class.

## IF YOU DO NOTHING

**20. What happens if I do nothing at all?**

If you do nothing, you forfeit the opportunity to receive any monetary compensation and you give up any rights to sue Defendants separately about the claims that have been or could have been asserted in this lawsuit.

## GETTING MORE INFORMATION

**21. Are there more details available?**

The Pleadings, the Settlement Agreement, and other papers filed in this lawsuit are available for your inspection in the U.S. District Court, District of New Jersey's Online Case Management/Electronic Case Filing (CM/ECF) System which can be found at https://ecf.njd.us.courts.gov.

Additional information may be obtained at the Settlement Web site at [www._____.com].  You may also contact the Claims Administrator toll free at _____ or in writing at _____.  Additionally, you may contact Lead Counsel, whose contact information is listed above.

PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK OF THE COURT.

DATE: MONTH 00, 2013.

4828-2988-8274.1

Questions?  Visit [website] or call toll free [phone number]

**EXHIBIT G**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN TELLIHO, on behalf of himself, and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>EAST WINDSOR TOWNSHIP and AMERICAN TRAFFIC SOLUTIONS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:12-cv-4800<br><br><br><br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS AND APPROVING CLASS NOTICE** |

THIS MATTER having been opened to the Court by Shabel & DeNittis, P.C. and Paris Ackerman & Schmierer, LLP (together, "Lead Counsel") as counsel for the putative class action plaintiffs ("Lead Plaintiffs"), by way of Motion for preliminary approval of the proposed Settlement Agreement ("Settlement Agreement" or "Agreement"); and

WHEREAS,  American Traffic Solutions, American Traffic Solutions, Inc., ATS Consolidated, Inc., and www.violationinfo.com (together, "ATS"), through its counsel Burns & Levinson LLP ("ATS's Counsel"), joins in with Lead Plaintiffs' Motion; and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS, the Court finds as follows:  The Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations lasting several weeks.  The Settlement Agreement is not the result of collusion.  The Settlement Agreement bears a reasonable relationship to the claims alleged by Lead Plaintiffs and the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the

**EXHIBIT G**

Settlement should be given to the Settlement Class for their consideration as provided by this Order; and

WHEREAS, this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel of the moving parties, and the requirements of law and good cause appearing,

IT IS THIS _____ day of January, 2013, ORDERED as follows:

1.     **Definitions**.  Unless otherwise provided herein, the Court adopts and incorporates the definitions to all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2.     **Preliminary Approval of Settlement**.  The terms of the Class Action Settlement Agreement dated December 31, 2012, including all exhibits thereto is preliminary approved for settlement purposes only, subject to further consideration thereof prior to or at the Fairness Hearing provided for below.

3.     **Preliminary Approval of Settlement Class**.  The Court further finds, on a preliminary basis and for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.  The Court conditionally certifies the Settlement Class as follows:

> **All persons who paid a fee or fine to Defendants for a violation of <u>N.J.S.A.</u> § 39:4-81, Failure to Observe Signal, where the violation notice was issued before August 1, 2012, and was based on the red light camera monitoring systems maintained and operated by a New Jersey municipality that had contracted with ATS.**

Excluded from the Settlement Class are (a) the Municipalities and ATS and their officers, directors, elected officials and appointed officials and (b) any and all Settlement Class Persons who timely and validly request exclusion from the Settlement Class.

EXHIBIT G

4.      **Requirements of Fed. R. Civ. P. 23(a)**.  The Court finds that the requirements of Fed. R. Civ. P. 23(a) are satisfied for <u>settlement purposes only</u>, as follows:

   a.   Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

   b.   Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact.

   c.   Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Lead Plaintiffs are typical of the Settlement Class.

   d.   Pursuant to Fed. R. Civ. P. 23(a)(4), the Lead Plaintiffs will fairly and adequately protect and represent the interest of all members of the Settlement Class, and the interest of the Lead Plaintiffs are not antagonistic to those of the Settlement Class. The Lead Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

5.      **Preliminary Appointment of Class Representatives**. The Court preliminary appoints the  Lead Plaintiffs as Class Representatives.

6.      **Approval  of Notices**.  The Court finds that the Notices attached as *Exhibits E and F* to the Settlement Agreement (the "Long Form Notice" and "Postcard Notice", respectively) have satisfied the requirements of Fed. R. Civ. P. 23(c)(2) and Due Process and accordingly approves the Notices.

**EXHIBIT G**

7.     **Approval of Claims Administrator**.  The Court further directs that Rust

Consulting, Inc. be appointed as the Claims Administrator, and consistent with the program to

disseminate the Notices in the Settlement Agreement, directs the Claims Administrator to

provide notice to the Settlement Class in the following manner:

> Within ninety (90) days of the date of this Order, ATS shall cause a copy of the Postcard
> Notice, substantially in the form attached as *Exhibit F* to the Settlement Agreement, to be
> mailed by United States mail, postage pre-paid, to all Settlement Class Members (as
> defined in the Settlement Agreement) who can be identified with reasonable effort, at
> their last known addresses appearing in the record maintained by or on behalf of Settling
> Defendants or the Municipalities.  In addition, Settling Defendants shall at their expense
> cause the Claims Administrator to maintain a website, which shall provide Settlement
> Class Members with current information regarding the Settlement Agreement and the
> Long Form Notice. In addition, Settling Defendants shall cause the publication of the
> Postcard Notice on one date in the  *Star Ledger, Trentonion*, and *Courier Post.*  The
> Claims Administrator shall also make a copy of the Long Form Notice available to any
> Settlement Class Member who requests a copy of the Long Form Notice in writing or by
> calling toll free the Claims Administrator.

8.     **Preliminary Approval of Class Counsel**.  The Court preliminarily finds that

Lead Counsel – namely, Shabel & DeNittis, P.C. and Paris Ackerman & Schmierer, LLP – fairly

and adequately represent the interests of Lead Plaintiffs and the Settlement Class and hereby

appoint them as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

9.     **Approval of Settlement Fund**.  The Court finds that the Settlement Fund – as

defined and described in the Settlement Agreement – is a "qualified settlement fund" as defined

by Section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following

requirements:

> a.   The Settlement Fund is established pursuant to an Order of this Court and is subject
>       to the continuing jurisdiction of this Court;

4

**EXHIBIT G**

b. The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to a least one claim asserting liabilities; and

c. The assets of the Settlement Fund are segregated from other assets of ATS, the transferor or payments to the Settlement Fund.

10. **Relation Back Rule regarding the Settlement Fund**. Under the "relation back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court find that:

a. The Settlement Fund met the requirements of paragraph 9 of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

b. ATS and Claims Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date of the Settlement Fund met the requirements of paragraph 9 of this Order or January 1, of the calendar year in which all requirements of paragraph 14 of this Order is met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

11. **Fairness Hearing**. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on _____, 2012 at _____ (suggested date 135 days from Preliminary Approval Order) to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the

5

EXHIBIT G

Settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) any

application for an award a class representation fee to the Class Representatives.  The Fairness

Hearing may be rescheduled by the Court without further notice to the Class other than which

may be posted at the Court and on the Court's and Claims Administrator's websites.

    12.    **Objection Procedures**. Persons wishing to object to the proposed settlement

and/or be heard at the Fairness Hearing shall follow the following procedures:

    a.  Any objection must be in writing, filed with the Court, with a copy delivered to Class

        Counsel and counsel for all Defendants at the addresses set forth in the Class Notice,

        no later than 15 days before the Fairness Hearing.  Settlement Class Members may

        object either on their own or through an attorney hired at their own expense.

    b.  If a Settlement Class Member hires an attorney to represent him or her at the Fairness

        Hearing, he or she must do so at his or her own expense.  No Settlement Class

        Member represented by an attorney shall be deemed to have objected to the

        Agreement unless an objection signed by the Settlement Class Member also is filed

        with the Court and served upon Class Counsel and counsel for all Defendants at the

        addresses set forth in the Class Notice 15 days before the Fairness Hearing.

    c.  Any objection regarding or related to the Settlement Agreement shall contain a

        caption or title that identifies it as "Objection to Class Settlement in *Telliho, et. al. v.*

        *American Traffic Solutions, et. al.*, Civil Action No. 3:12-cv-4800" and also shall

        contain information sufficient to identify and contact the objecting Settlement Class

        Member (or his or her attorney, if any) as well as a clear and concise statement of the

        Settlement Class Member's objection, documents sufficient to establish the basis for

**EXHIBIT G**

their standing as a Settlement Class Member (i.e., verification under oath as to the approximate date(s) and location(s) of their traffic violation(s) and payment of such or a receipt of payment of the traffic violation(s)), the facts supporting the objection, and the legal grounds on which the objection is based.  If an objecting party chooses to appear at the hearing, no later than 15 days before the Fairness Hearing, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

d.  Any Settlement Class Member who does not timely file and serve an objection containing the information set forth above and any witness to testify on behalf of such Settlement Class Member not identified to the parties shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

13.  **Opt-Out Procedures**.  Any Settlement Class Member who does not wish to participate in this Settlement must write to the Claims Administrator stating an intention to be "excluded" from this Settlement.  This written Request for Exclusion must be sent via first class mail to the Claims Administrator at the address set forth in the Class Notice and postmarked not later than 15 days before the date set for the Fairness Hearing.  The Request for Exclusion must be personally signed by the Settlement Class Member.  So-called "mass" or "class" opt-outs shall not be allowed.  Any Settlement Class Member who does not request exclusion form the Settlement has the right to object to the Settlement.  Any Settlement Class Member who wishes to object must timely submit an objection as set forth in paragraph 12 above.  If a Settlement Class Member submits an objection and a written Request for Exclusion, he or she shall be deemed to have complied with the terms of the opt-out procedures and shall not be bound by the

7

EXHIBIT G

Settlement Agreement if approved by the Court.  However, any objector who has not timely

requested exclusion from the Settlement will be bound by the terms of the Settlement Agreement

upon Final Approval of the Settlement by the Court.

14.    **Timing of Final Approval Submissions**.  Class Counsel shall submit papers in

support of the Settlement Agreement no later than 20 days before the Fairness Hearing.

15.    **Timing of Award Applications**.  Class Counsel's final application for reasonable

attorneys' fees, costs and disbursements, and any documents submitted in support thereof, shall

be filed no later than 20 days before the Fairness Hearing.  Class Representative's final

application for a class representation fee, and any documents submitted in support thereof, shall

be filed no later than 20 days before the Fairness hearing.

16.    **Timing of Responses to Objections**.  Class Counsel and Defendants shall file

responses to objections, if any, to the Settlement no later than seven days before the Fairness

Hearing.

17.    **Termination of Settlement Agreement**. In the event that the Settlement is

terminated in accordance with the applicable provisions thereof, the Settlement Agreement, the

proposed Settlement, and all related proceedings shall, except as expressly provided to the

contrary in the Settlement Agreement, become null and void, shall have no further force and

effect, and Settlement Class Members shall retain all of their current rights to assert any and all

claims against Defendants and any other Related Party, and the Defendants and any other

Related Party shall retain any and all of their current defenses and arguments thereto (including

but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not

satisfied for purposes of continued litigation).  This action shall thereupon revert forthwith to

8

**EXHIBIT G**

their respective procedural and substantive status prior to the Effective Date of the Settlement

Agreement and shall proceed as if the Settlement Agreement and all other related orders and

papers had not been executed.

18.    **No Admission**.  Neither this Order nor the Settlement Agreement nor any other

settlement-related document nor anything contained herein or therein or contemplated herby or

thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement

Agreement or herein or in any other settlement-related document, shall constitute, be construed

as or be deemed to be evidence, of or an admission or concession by the Settling Parties as to,

the validity of any claim that has been or could have been asserted against any or all of them or

as to any liability any or all of them as to any matter set forth in this Order, or as to the propriety

of class certification for any purposes other than for purposes of the current proposed settlement.

19.    **Stay of Related Actions**.  After consideration of issues relating to comity and the

complexity of this action, the Court finds that allowing simultaneous proceedings and related

actions in other forums relating to the claims in this action to be decided by another court would

inhibit this Court's flexibility and authority to decide this case while substantially increasing the

cost of litigation, creating risk of conflicting results, and wasting Court resources.  The Court,

therefore, finds that an order protection its jurisdiction with respect to the subject matter of this

action is necessary in aid of this Court's jurisdiction.  Accordingly, in order to protect its

jurisdiction to consider the fairness of this Settlement Agreement, to certify, if appropriate, a

Class for settlement purposes, and to enter a Final Order and Judgment having binding effect on

all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and

anyone who acts or purports to act on their behalf, from pursing all other proceedings in any

**EXHIBIT G**

other state or federal court that seeks to address any parties' or Settlement Class Members' rights or claims relating to, or arising out of, any of the Released Claims.

      20.    **Retention of Exclusive Jurisdiction by the Court**.  The Court retains exclusive jurisdiction over this Settlement to consider all further applications arising out of or connected with the proposed Settlement.

Dated:_____

                                                _____
                                              Hon. Peter G. Sheridan, U.S.D.J.

4819-0930-1778.1

10

**EXHIBIT H**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN TELLIHO,                                    )
on behalf of himself, and all others             )   Case No.:  3:12-cv-4800-PGS-LHG
similarly situated                               )
      Plaintiff,   )
                                                 )
  v.                                   )
                                                 )
EAST WINDSOR TOWNSHIP and                        )   **OFFICIAL PROOF OF CLAIM**
AMERICAN TRAFFIC SOLUTIONS,                      )   **FORM AND RELEASE**
                                                 )
     Defendants.        )

   This Official Proof of Claim Form ("Proof of Claim") has been provided to you in connection with the Settlement of this class action litigation ("Settlement").  By properly filling out this Proof of Claim and certifying your eligibility as a settlement class member ("Settlement Class Member") to participate in this Settlement, you may be entitled to a monetary recovery, subject to approval of your claim in accord with the settlement documents.

   **Your fully-completed Proof of Claim and any necessary supporting documentation must be postmarked by _____, 2013.  Failure to timely submit this fully-completed Proof of Claim, and, if appropriate, any required supporting documentation, will result in the denial of your claim.**

   **PART I.**   **ELIGIBILITY**

   **If you received a notice of violation ("Notice of Violation") issued by or on behalf of a New Jersey Municipality that contracted with American Traffic Solutions, Inc. pursuant to N.J.S.A. § 39:4-8.12, et. seq. ("Act") alleging a traffic violation that occurred on or before August 1, 2012, and paid the fee or fine imposed thereby, you may be eligible to receive money in this Settlement.**

12-28-12         1

**EXHIBIT H**

### PART II.      HOW TO PREPARE YOUR CLAIM

1.      In order to be eligible to participate in this Settlement, you must have received, either as an operator or registered owner of a vehicle, a Notice of Violation alleging a traffic violation that occurred on or before August 1, 2012.  The Notice of Violation must have been issued pursuant to the Act by or on behalf of one of the following eighteen (18) municipalities: (1) Brick Township, (2) Deptford Township, (3) East Brunswick Township, (4) East Windsor Township, (5) City of Jersey City, (6) Lawrence Township, (7) City of Linden, (8) Borough of Glassboro, (9) Gloucester Township, (10) Monroe Township, (11) Borough of Palisades Park, (12) Piscataway Township, (13) Pohatcong Township, (14) City of Rahway, (15) Borough of Roselle Park, (16) Union Township, (17) Wayne Township or (18) Woodbridge Township.  In addition, you must have paid the fee or fine imposed by that Notice of Violation.  In other words, you must have been the person to whom the Notice of Violation was directed, and the fee or fine must have been paid personally by you and not someone else, such as a joint registered owner, family member, or friend.  **If you did not receive a Notice of Violation for running a red light in one of the above named Municipalities on or before August 1, 2012, and/or did not pay the fine imposed by the Notice of Violation, then DO NOT submit a Proof of Claim.**

2.      In order to be eligible to participate in the distribution of the Settlement, you must properly complete, sign, and mail (or submit online at the Settlement We4bsite) this Proof of Claim to the Claims Administrator prior to _____, 2013.  Proofs of Claim postmarked (or submitted online) after _____, 2013, will not be honored.  **You will not be able to receive a payment if your Proof of Claim is postmarked after _____, 2012, but you will still be bound by all of the other terms of the Settlement and any orders of the Court.  If you do nothing, you forfeit the opportunity to receive any monetary compensation and you give up any rights to sue Defendants, and certain parties related to them, separately about the claims that have been or could have been asserted in this lawsuit.**

3.      If you received and paid more than one Notice of Violation for separate alleged traffic violations pursuant to the Act, you must submit a separate Proof of Claim for each such Notice of Violation.  For example, if you received and paid a Notice of Violation on January 1, 2010, and then received and paid a separate Notice of Violation on February 1, 2010, you must submit a separate Proof of Claim for each Notice of Violation.  **If you have already received a refund from the Municipality for a Notice of Violation, do not submit a Proof of Claim with respect to that Notice of Violation.**

4.      The submission of this Proof of Claim does not ensure that your claim will be upheld or that you will share in the Settlement.  All claims are subject to verification and investigation as provided in the settlement documents filed with the Court.

5.      Executors, administrators, guardians, conservators, and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (e.g., powers of attorney or currently effective letters testamentary or letters of administration) to do so.

12-28-12                                    2

**EXHIBIT H**

      6.      Important additional information regarding the Settlement and this Proof of Claim is contained in the notice ("Notice") available at [website] or by calling the Claims Administrator toll free at _____ or writing the Claims Administrator at _____. The Notice is a summary and does not describe all of the details of the Settlement, which has been memorialized in a Settlement Agreement executed by the parties to the Settlement and filed with the Court. For full detail of the matters discussed in the Notice, you may review the Settlement Agreement, with exhibits, in the U.S. District Court, District of New Jersey's Online Case Management/Electronic Case Filing (CM/ECF) System which can be found at https://ecf.njd.us.courts.gov.

      7.      If you have any questions or need additional Proofs of Claim, please go to [website] or contact the Claims Administrator by calling the Claims Administrator toll free at _____ or writing the Claims Administrator at _____. You may make photocopies of this form.

      8.      If you think that you meet the criteria set forth above and wish to apply for possible payment, for each separate claim you must do the following:

        a.      Read this Proof of Claim Form.

        b.      Review the Notice which explains in more detail who is entitled to a payment. If you do not have the Notice, or have questions, contact the Claim Administrator.

        c.      Fully complete the Proof of Claim by filling in **all** of the information required herein.

        d.      If you are making a claim, sign the Proof of Claim, and return it by mail along with any additional documents you deem necessary, postmarked on or before ____ to the Claims Administrator, addressed as follows:

    New Jersey Red Light Camera Monitoring Litigation – Claims Administrator
                      **[fill in address]**

**EXHIBIT H**

### PART III.     CLAIMANT IDENTIFICATION

*Please type or print*

_____

Name

_____

Violation Number on Notice of Violation

_____

Date of Notice of Violation

Were you the registered owner of the motor vehicle identified in the Notice of Violation at the time the Notice of Violation was issued?

☐ yes          ☐no

Were you the operator of the motor vehicle identified in the Notice of Violation at the time the Notice of Violation was issued?

☐ yes          ☐no

Was the motor vehicle identified in the Notice of Violation jointly registered with another person in addition to yourself?

☐ yes          ☐no

Did you personally pay the fine or fee imposed pursuant to the Notice of Violation?

☐ yes          ☐no

Have you received a refund from the Municipality for the Notice of Violation?

☐ yes          ☐no

Are you an officer or director of American Traffic Solutions, Inc. or ATS Consolidated, Inc.?

☐ yes          ☐no

Are you an elected or appointed official of the New Jersey municipality where the alleged violation took place?

☐ yes          ☐no

If you did not personally pay the fine or fee imposed pursuant to the Notice of Violation, please state the name of the person who did pay the notice of violation and that person's relationship to the motor vehicle involved in the violation alleged in the Notice of Violation (for example, a joint owner, the driver, a friend, or other person):

_____

**EXHIBIT H**

The following information is needed for the person who both received the Notice of Violation and paid the fine:

_____
Street Address

_____          _____          _____
County                                            State                     Zip Code

_____          _____
Foreign Province                                   Foreign Country

_____  _____ (Day)     _____  _____ (Night)
Area Code      Telephone Number              Area Code    Telephone Number

_____          _____
Facsimile Number                               E-Mail Address

## PART IV.    SUBMISSION TO JURISDICTION OF COURT AND RELEASE

By submitting this Proof of Claim, I do declare, certify and agree, on behalf of the entity for which I am submitting this application:

1.    I hereby submit to the jurisdiction of the United States District Court, District of New Jersey, and I agree to be bound by the terms of the Settlement Agreement referred to in the Notice.

2.    I hereby certify, swear and affirm, under penalty of perjury, that the information I have provided in this Proof of Claim and any supporting documentation is true and correct to the best of my knowledge, that I received a Notice of Violation issued pursuant to the Act alleging a traffic violation that occurred on or before August 1, 2012, and paid the fee or fine imposed thereby, and that I qualify for membership in the Settlement Class, described above.

_____
Signature of Claimant

_____
Signature of Additional Claimant(s) (if any)

4850-6885-8642.3

12-28-12                                    5